Good morning. May it please the Court, John Berge for the Appellant, Tobias Partners, L.P. This case really doesn't present any particular novel question of law. The law is pretty straightforward that Section 1983 was passed to address constitutional wrongs, and there's really no question that Section 1983 applies to municipalities. There are limits to municipal liability which were first promulgated in the Monell case, which is cited pervasively in the record, and this case we believe is within the scope of cases where 1983 is appropriate to provide constitutional accountability for the City of Los Angeles. There's no question here that there was a failure. There's no question that there was an unconstitutional hearing that was determined in the Los Angeles Superior Court through a final judgment. The ruling of the Superior Court was that it was not just a hearing officer that was unconstitutional. The ruling of the Superior Court was that the City of Los Angeles failed, not the hearing officer, but the City of Los Angeles failed in providing a non-biased hearing officer for a hearing. And that's really the distinction we get into when we talk about the line is whether you have an individual actor, or what they might call a rogue employee, that is creating the constitutional problem, or whether it goes beyond a single employee and goes on to the system itself and the policies and procedures of the municipality. And that is really the dispute here, and that is one of the inherent problems with the district court decision. The district court was applying facts to the law as we know it, as to the boundaries of municipal liability. This is here on appeal from a summary judgment. There was no trial of fact in this case. So an inherent problem... What facts do you think are materially in dispute? What facts, what genuine issues of material fact are there? In terms of the facts that were presented, there were facts presented that, for example, the City of Los Angeles has no policy or procedure to address an officer was previously reversed. We know in many courts that once you're overturned on appeal, you have the ability to go seek a new hearing officer. We know that there was an objection made by Tobias, both before and after the unconstitutional hearing, as to this hearing officer. We know that that objection... was made before this. The unconstitutional hearing was made after the unconstitutional hearing. It was ignored. And that's the city procedure. It's not... There was no one there listening or paying attention to the fact that this hearing officer was biased, and there was no one listening or paying attention to the fact that Tobias was objecting. What's the indication of bias other than the fact that she ruled against you? The Superior Court found that she was biased, that she had a predisposition to rule against us in the hearing that we ultimately had with her that resulted in... What's the evidence of that, other than the fact that she ruled against you? We had evidence that we presented in the Superior Court proceeding, that she had made statements in prior hearings that she had predetermined this property go into the REAP system. And the REAP is somewhat foreign when you first look at it. It is briefed extensively. It does take some while to understand. But she had made comments beforehand that this property belongs in REAP. And then when she goes... And now she's the hearing officer who's supposed to be neutral, determining whether putting the property in REAP was right or wrong. Well, the Superior Court had no problem looking at that and saying, this is not an appropriate hearing officer. She's the one that told them to put it in REAP in the first place. Right, right. So the Superior Court said this particular hearing officer was biased. But you have to establish more. You have to establish, show, have evidence that the city had a pattern or practice of having biased hearing officers, or it knew that its hearing officers were biased and it did nothing about it. And there's just no evidence. I mean, yes, we know this one hearing officer was found to be biased by the Superior Court. But there needs to be something more to establish Monell liability. Well, Your Honor, you're looking at one part of Monell. One way you get through Monell is to establish a pattern or practice. Another way you get through Monell, which is totally independent, is to show that the unconstitutional conduct was ratified by a policymaker. We have that evidence here. We have the fact that we went to the policymaking body of the Los Angeles Housing Department, which is referred to as the RAC, which is Rent Adjustment Commission. And they're the ones that set up the whole procedure for this. We know that we went to that and we had a public objection made that Tobias had a bad hearing. Right. But the RAC, in its opinion, it showed a lot of problems, a lot of still unmediated violations. And its decisions seem to be based on that, not on the bias of the hearing officer. That's what I'd say is a little bit too little, a little bit too late, because before you get to a review or an appellate hearing, you're entitled to have a fair trial level or initial hearing. So before we even get to the RAC, Tobias was entitled to have a fair hearing before the hearing officer. The powers that the hearing officer had and the record to see if the record before the hearing officer was supported. It's a very different level of hearing. Yeah. Counsel, Judge Gould, if I could interject a question, please. So what is the best evidence that you have that the city had a policy to have unfair hearings? When I ask you that, I want you to say if there's anything beyond what you said earlier, which was that they did not have a policy on bias, which, of course, the showing that there was a policy that they were going to put bias here. We do not have that evidence. That is not, I would not even expect to even find evidence that somewhere the L.A. city says, oh, we're going to have a policy and we're going to send only biased hearings officers out there. We're not going to find that evidence. What we are going to find is the evidence that they don't have the policy, which is the third way to get around Monell, which is separate from the first way and the second way. And I believe your question is asking more about the first way around Monell, which is that there has to be an established policy. The third way to get around Monell is the lack of a policy. And there's no question here that they had no policy. There was nothing, the person most knowledgeable, the city's witness, says there's no policy. He establishes in the record, in the papers he filed with the court, that he was knowledgeable about all their policies and procedures. And there's nothing about addressing an objection to a hearing officer, either before or after a hearing. So you have no evidence of other instances in which there were biased hearing officers. You're relying upon the absence of a policy and the fact that you claim this hearing officer in this instance was biased. That's it, right? We're relying on parts two and parts three to satisfy Monell. And you're correct. One of them is that there's no policy. The other way we're relying on getting around Monell is that the unconstitutional hearing officer was approved by the RAC after the fact. So there's ratification, and ratification is sufficient to get around Monell and satisfy its requirements. And it's also a sufficient way to satisfy Monell to show that there was a lack of policy where there should have been a policy. Well, counsel, does Monell itself say that a lack of a policy is sufficient to satisfy it? Or is that lost in some other case? I believe that's some other cases. The lack of policy cases are City of Canton v. Harris and Christie v. Iopa. Those are the cases to talk about the deliberate indifference, which is the lack of policy. They consider the lack of policy a deliberate indifference of the municipality to the unconstitutionality that happened. Isn't that just some evidence of deliberate indifference? It doesn't per se establish a violation. It doesn't, but it does create a question of fact that should go to a jury or a prior fact. And that's one of the, as I said initially, that's one of the inherent problems. Christie confirms that both ratification, which is our second way around Monell, and the lack of policy are prior fact issues. Those are issues. And there's competent evidence. There's evidence that there is no policy. There's evidence that there was a failure here. The failure of the system was well documented by the fact that there's a final judgment by the superior court that there was a failure. So that issue should go to a prior fact, either the judge, if it's a court trial, or a jury otherwise. Well, there's no fact question with regard to lack of a policy. There's no policy. Correct. And as Your Honor stated, that is, that can show a deliberate indifference. Well, it's an addition of it. It isn't going to prove it in and of itself. It can. It's up to a jury to decide whether the lack of policy constitutes deliberate indifference. Wouldn't you have to have some showing of more than one violation in order to have a lack of a policy to stand up? Because it seems like just standing out there alone, it isn't going to make it. The case law differs. The case law says that one instance is enough. That if you can show that there is one problem with the lack of policy or procedure that causes an unconstitutional tort, that is sufficient. And if you think about if that makes sense, because how many people do you have to hurt before you're going to try to address the situation? Once you have someone getting hurt, and my unsympathetic entity, client, but that is enough to get to the court and say this should have been. Of course, do you maintain that we're bound to assume that it was an unconstitutional hearing in that the hearing officer you say was biased? Are we bound by all that? Is that what you say? I believe so. We have a final judgment from the Los Angeles Superior Court that this court should respect. There's been no effort to challenge that judgment. That judgment was not appealed by the city. And that is a final and binding judgment by a competent tribunal of law. That's not even an issue that the city has attempted to oppose here. No one has attempted to oppose. What the city is trying to do is make that distinction between whether it's one actor or the system. Well, if we're bound by that, then we have just a straight law question, because there's no question there wasn't a policy. And if, as you say, we're bound by that decision, then we have just a straight law question, don't we? Well, if you have a straight law question, the issue here is whether that is something a trier of fact would deem sufficient evidence of indifference. Well, now we're back to indicia rather than absence of a policy alone being enough. It can be. It's up to the trier of fact. And until the trier of fact looks at this and hears the evidence as to what the policy was and what were the consequences of that policy, and, you know, and looks at that evidence, which is very similar to the Christie case. The Christie case is very interesting in that I call it the tale of two plaintiffs. We had one plaintiff that didn't pass Mornell because of, you know, because the constitutional violation wasn't known to the policymaker. And then the other plaintiff, his complaints about unconstitutionality was known to the policymaker, but he allowed the unconstitutionality to continue despite knowing of it and despite the lack of policy. So here, yes, we have the fact that there is a lack of policy. We have the fact that there was an unconstitutional hearing. Certainly for my client, I'd like to claim that that's conclusive, that there should be Mornell liability. There should be liability for the city of Los Angeles. But it's a question of fact that has to be presented, and the trier of fact has to decide whether that constitutional tort is established. But that's sort of a problem is that we're here on summary judgment, which is inappropriate. All right, counsel, so you've made your points, and you zipped all your time, and we'll hear from the other side. Okay, very good. Thank you. Thank you. If you have any questions, you know where I'll be. I know where you'll be. Thank you. Good morning. Paul Winnie Moore, Deputy City Attorney on behalf of Pele City of Los Angeles. May it please the Court. Tobias Partners, as a business entity, is seeking to make money from having owned the property, but it cannot maintain a Section 1983 action for damages based on either a retaliation or a deliberate indifference theory of liability as discussed in this city's answering brief. So Tobias is arguing that there is a sufficient basis for a determination that there is a triable issue of fact when there is not. There is no triable issue of fact as to whether or not the city could be liable or a jury could reasonably find liability under Section 1983 based on either ratification or deliberate indifference. Let's look at ratification first. There's no evidence. Wait a second. First of all, is it clear that the RAC Appeals Board is the final policymaking body for the city of LA on this area? For purposes of this motion, yes. You don't contest it? We're not contesting it for purposes of this motion. Correct. Okay. Has there ever been any case law saying that the RAC is the final policymaking body for the city of LA? Not that I'm aware of. There is evidence in the record to show that the Rent Adjustment Commission itself has authority to set forth procedures regarding the REAP program. There is, unfortunately, nothing in the record to show that the Rent Adjustment Commission's appeals board, as opposed to the commission itself, would constitute a policymaking body. I'm wondering if it's the commission itself that's the policymaking body. And we would concede that point. That the commission itself, there is evidence to show that they're a policymaking body. I would think the commission itself is the policymaking body, not the RAC Appeals Board. So did the district court err in assuming that? Well, I can't say that the – based on the record, it's not clear whether or not the appeals board is sufficient to constitute the commission itself, because there are members of the appeals board are on the commission. So it's not clear in this particular record. So you have them assuming dual roles on this. So the other question I have is how is this hearing – does the hearing officer also have somewhat dual roles here? Because the hearing officer, how are they appointed? Where do they come from? Well, that's a good question that's not fully set forth in this particular record. But certainly the hearing officer is separate, not part of the Rent Adjustment Commission. So what I'm wondering is, is there any sort of systemic organizational structure or rationale that perhaps would indicate that the hearing officer is always going to be biased because he has the dual role of both finding the violations and making the references to reap? No, I don't think that could be found either in the record or in the relevant law. I don't think it's in the record. The presumption under authority side in – How is the hearing officer selected? That is a question that I can't answer based on the record. But there is a presumption under the law that administrative hearing officers will exercise their duty properly, and they have a duty to be impartial in their decision-making process. The fact that a hearing officer sat, in this case, on a hearing regarding renters' attempts to get some money for relocation under the rehabilitation program for the plumbing, that was one hearing. The fact that that officer thereafter sat on as a hearing officer on the first appeal process does not indicate any evidence of bias. The mere fact that the person sat in one respect and in another. The issue raised by Tobias is that there was expressions of bias or prejudgments. There were expressions of prejudging the case on the part of this particular hearing officer, which a court can presume would indicate bias. That does not mean that there has been a finding of actual bias. Okay. Counsel, Judge Gould, if I could interject a question. How do you answer, if you would please, the appellant's argument that one instance of bias plus the absence of a policy is enough to go to a jury on deliberate indifference? At least that's how I understood appellant to be arguing that issue to us. And that's how I understood it as well, Your Honor. But the law would not accommodate a single instance under the factual scenario presented here. Because to find deliberate indifference, you have to have an understanding that there is a constitutional violation. And the need for the policy must be so evident that the failure to have a policy is considered liability. But this is not a case where we're dealing with, for instance, training. If you give a police officer a tool, such as a pistol or a baton, you would expect that that officer would use that tool in the performance of his official duties. Well, if you have that expectation and you know the tool is a dangerous weapon, then you'd have a duty to train. That's obvious. You have a duty to train that officer in the use of that tool. This is a wholly different scenario. We're talking about administrative hearings, which are – there's a common understanding that hearing officers are to be unbiased. So to have a policy that they're not going to be biased really would not effectuate the result that Tobias is looking for. The question here is, Counsel, is there a particular case or cases that you would rely upon to say that in this context, the evidence of bias of one examiner plus lack of a policy stating what I think you're arguing is obvious can go to a jury? I think that the cases, perhaps, of Lytle and Tobias – Lytle and IOPA – I don't have a particular case that would make that express finding that there is – that is insufficient based on one instance, but there is an indication that from, for instance, the city of Canton, Vreeharris, that that would be the case. In other words, there has to be something – has to be so known and obvious of a risk that the failure to take – to create a policy is considered a constitutional violation. Under the facts of this case – again, this is not a training-type case. Under the facts of this case, to say that the failure to have a policy that hearing officers shouldn't be biased, which everyone knows to begin with, does not seem to be something that is so obvious that it would need to be stated as a policy in order to protect against. In this one instance, a hearing officer sitting on a case in two different aspects and making statements, that would prejudge the case. Okay, thank you. To go back for a little bit, the trial court never did actually rule on who was the final policy-making body. Isn't that correct from the record? You're willing to make a concession, but it's not actually found in the record. Is that right? I don't believe it's found in the record. But for the purposes of argument, I mean, even if we assume that the appeals board was a policy-making body, which is the assumption that you'd have to make, then there is not sufficient evidence to show to a jury that there could be liability in this case under Monell, under either ratification or deliberate indifference. So even if you assume that the appeals board itself was a policy-making body, for ratification, its decision had nothing to do with who got assigned as the hearing officer for the case. The decision was based on the evidence, should the property be in REAP, and is the rent adjustment appropriate? That's what they were deciding. But as the district court found, they weren't deciding whether or not, you know, who should be assigned or whether or not it's appropriate to assign this particular hearing officer. So that's ratification. Deliberate indifference, we just discussed. So even if you assume that the appeals board is the policy-making body, I don't think it's under the facts of this case, it can be said that they were deliberately indifferent to known and obvious risk of the particular constitutional violation that occurred in this case such that they should have had a policy. How many people are on the appeals board? I don't recall at this moment, Your Honor. How many people were assigned? I'm just wondering. I mean, you have a case here. I can kind of understand Tobias's position in the sense that Morales was deemed by a superior court to have acted with bias, and yet the RAC, she somehow found her way to be on the appeal from the very decision that she made that the superior court said was made in a biased way that has an appearance of unfairness. Well, I think what the superior court was saying in granting the monamus position, which was specifically limited to the issue of presumption or showing of a prima facie showing of bias, and the prima facie showing of bias was the fact that the hearing officer made statements which could be interpreted as prejudging the case, which is I maintain quite a distinction between actual bias and just a statement of prejudging the case. So I think that the superior court's granting of the petition in that regard has to be limited to, I mean, it specifically found that the other arguments were moot. So we're not necessarily dealing with a question of actual bias. In fact, from the record, it's clear that we're not because what the appeals board looked at was the evidence presented at the hearing. Should this property be in reap? Should it be having a rent adjustment? And the question is yes. The question was not before the board or was not a determinative factor as to whether or not this hearing officer was improperly assigned to the case. You see, the decision is deciding the hearing officer who is evidenced or has some implications of possible bias. The question is did the assignment of that officer to this case cause a constitutional violation? But in order to prove the damages case, they have to show that the property should not have been in reap. Well, the evidence is clear the property should have been in reap. So their argument for liability does not square with the factual basis of what was actually decided by the rent appeals board who we assume for purposes of argument could be construed as the policymaking. Counsel, Judge Gould, if I could ask this. Did the appellant have a separate claim against the hearing officer individually or just against the city of L.A.? To my knowledge, just, well, the city and the county, which was dismissed. It's just the city. Okay, thank you. Does anyone have any other questions? Well, following up on Judge Gould's questions, I'm just looking at my memos. I don't have any of the original pleadings right here before me. But if it's the city of Los Angeles at all, there must be somebody else. Well, they sued the Los Angeles, the housing district, the L.A.H.D., which is a part of the city. So they sued the city and the department as well, but it's essentially a suit against the city. We would represent in that capacity both the city and the department. Now, kind of your final point was no harm, no foul. In other words, this obviously should have been in REAP, no matter whether it was a prejudiced hearing officer or not. But if there were to be a finding of no harm, no foul, that would have to be a jury finding, wouldn't it, or a court finding from a trial? Well, no, because it's not necessarily a question of no harm, no foul. The question is, did a policymaking body ratify a decision to assign a biased hearing officer, or did the Rent Adjustment Commission know of an obvious risk of not having a policy and was deliberately indifferent with regard to having a policy? That's the issue. The issue is not whether or not it should have been in REAP. Well, I know. I mean, right at the end you were saying, well, you know, it obviously should have been in REAP anyway. So if everything else went against you, you'd still say, well, but it should have been in there anyway. That's where I'm getting the no harm, no foul. Yes, I would agree that it should have been in REAP. But the evidence clearly shows that it was a proper decision, that there was not an unconstitutional decision to be in REAP. And that's not the issue. All right. Thank you, counsel. Thank you. All right. Tobias Partners v. City of Los Angeles is submitted.
judges: Wardlaw, Gould, Piersol